UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ROBERT J. VICINO, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 9-417-B-W |
| | ) |
| CHRISTOPHER SHAW, | ) |
| | ) |
|     Defendant | ) |

RECOMMENDED DECISION

Robert Vicino, an inmate at the Kennebec County Jail, has sued Christopher Shaw, an Augusta police officer, for defamation and slander, alleging that since 2005 Shaw has repeatedly told numerous people that Vicino committed a homicide in 1988. It is Vicino's contention that Shaw's conduct has been so egregious that, by spreading these lies to numerous friends and neighbors, he has violated Vicino's constitutional rights, specifically his right to due process guaranteed by the United States Constitution. When I granted Vicino leave to proceed in forma pauperis I advised him that as a county jail inmate he would be required to reimburse the court for the $350.00 filing fee as funds became available in his jail account. I gave Vicino until September 29, 2009, to notify the court whether he wished to proceed with this lawsuit. As of today's date Vicino has not responded to my prior order and therefore I recommend that the court dismiss the lawsuit without prejudice because of Vicino's failure to properly prosecute the action.

I would also add that in the event Vicino does elect to proceed with this lawsuit and tardily files his response to my prior order, I would recommend that the court dismiss the action pursuant to the screening procedures set forth in 28 U.S.C. § 1915A. Applying the United States Supreme Court's Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937 (2009) to these allegations, this

complaint should be dismissed for failure to state a claim. In Iqbal the court summarized: "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" 129 S. Ct. at 1949. It reiterated, "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S., at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557).

Of particular concern in assessing the viability of this complaint is the fact that defamation, per se, is not a constitutional violation under controlling United States Supreme Court precedent. See Paul v. Davis, 424 U.S. 693, 700-01 (1976). Vicino's bare-bones complaint alleges little more than that Shaw defamed him by making false statements. Vicino points only to damage to reputation and has not alleged damage to more "tangible" interests such as employment. Id. Accordingly he has failed to state a claim for a constitutional violation.[1]

Based upon Vicino's failure to prosecute this action, I recommend that the court dismiss this action without prejudice. If, while this recommended decision is pending Vicino belatedly complies with my September 8, 2009, order, I would recommend dismissing the action with prejudice for failure to state a claim.

---

[1] I warned Vicino in the September 8, 2009, order that his action was susceptible to dismissal under Iqbal and Paul.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

October 5, 2009